UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV67-J

FELICIA FAY GREER                                                                                      PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                DEFENDANT

**MEMORANDUM OPINION**

Before the Court is claimant Felicia Greer's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for Supplemental Security Income benefits ("SSI"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

PROCEDURAL HISTORY

Plaintiff filed an application for SSI benefits on March 23, 2005 alleging that she became disabled from working on February 12, 2004 as a result of a thoracic outlet syndrome of the right side due to a motor vehicle accident on February 12, 2004 (Tr. 70). She has never worked (Tr. 71), and has a ninth grade education (Tr. 76). She lives with her husband and has five children. Following a hearing on July 23, 2007 at which the claimant, claimant's husband, and a vocational expert offered testimony, Administrative Law Judge Roger Reynolds ("ALJ") found that the claimant has severe impairments of obesity, right thoracic outlet syndrome, major depressive disorder, post traumatic stress disorder, and degenerative disc disease of the cervical spine with minimal disc bulges. The ALJ found that she is capable of performing light work, stating:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. She can lift, carry, push and pull 20 pounds occasionally, 10 pounds frequently with the left non-dominant arm, 10 pounds or less occasionally with the right dominant arm. She is limited to no climbing of ropes, ladders or scaffolds, no overhead work with right hand and arm, occasional climbing of stairs and ramps, occasional balancing or crawling. There must be no exposure to concentrated vibration, vibrating hand tools, industrial hazards or concentrated dust, gases, fumes, chemicals, temperature extremes or excess humidity. She requires entry level work with simple repetitive procedures, no frequent changes in work routines, no requirement for detailed or complex problem solving, independent planning or the setting of goals and only occasional interaction with the general public.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice

within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ erred in failing to find that the claimant meets a listed impairment; 2) the ALJ erred in assessing her credibility; 3) the claimant's age, education, work experience and residual functional capacity require a finding of disability; and 4) the vocational expert testimony was flawed.

## ANALYSIS

Claimant's first argument is that the ALJ failed to find that her impairment meets a listing. However, she cites to no specific applicable listing, nor does she point to any medical evidence that would establish that she meets or equals listing severity. This blanket objection, without specific reference to the pertinent medical evidence or listing criteria that would support it, is insufficient. The claimant bears the burden of establishing that her condition meets or equals a particular listing, 20 C.F.R. §416.920(a)(4)(iii) and (d); Burgess v. Secretary of HHS, 835 F.2d 139, 140 (6th Cir. 1987). The claimant has failed to do so.

The claimant next urges that the ALJ erred in weighing her credibility, noting that there is no basis for the ALJ's determination that her subjective complaints are not consistent with objective medical findings. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 416.929(c) describes the kinds of evidence, including the factors below, that the

adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;
2) The location, duration, frequency, and intensity of your pain or other symptoms;
3) Precipitating and aggravating factors;
4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors, the ALJ determined that the plaintiff's complaints were less than entirely credible. He found her allegations of disabling shoulder and back pain are inconsistent with full range of motion, negative CT scans, and normal disc space and alignment found on MRI. Her ability to care for four children , one of whom is six years old, is inconsistent with disability. The ALJ also rejected her allegations of an inability to be around people, as she was capable of engaging in the illegal selling of drugs. The state agency reports from Drs. Rawlings and Anzures were supportive of a higher level of functioning than the RFC assigned by the ALJ. Notwithstanding the state agency assessments, the ALJ gave some merit to her physical limitations, complaints of pain, and her mental limitations, and accounted for them in his RFC findings. In sum, the ALJ's credibility determinations are supported by substantial evidence and are entitled to deference by this Court.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463

(6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly in light of her activities of daily living. Accordingly, the Court declines to disturb the ALJ's credibility findings.

Claimant's next argument pertains to the residual functional capacity findings made by the ALJ. Specifically, she urges that the record does not support the finding that she can perform light work. Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden of proof in establishing his or her residual functional capacity, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

As noted previously, the ALJ gave the claimant some benefit of the doubt in assigning an RFC that was more restrictive than the reports from the state agency physicians. The claimant's activities of daily living belie a condition of disabling severity. Claimant has failed to point to evidence in the record that establishes limitations in excess of those identified in the ALJ's RFC findings. The Court has thoroughly reviewed the evidence of record and the justifications contained

within the opinion itself, and finds that the ALJ's residual functional capacity findings are supported by substantial evidence.

Finally, the claimant argues that the vocational evidence offered at the hearing was insufficient to support the ALJ's vocational findings. The claimant urges that the vocational expert failed to offer testimony about the effects that her medications would have upon her ability to perform work. It is not the role of the vocational expert to provide such testimony. The claimant bears the burden of establishing that she suffers from additional limitations that were not contained in the residual functional capacity findings. She failed to do so. The controlling hypothetical to the vocational expert accurately sets forth the ALJ's RFC findings, and the vocational testimony constitutes substantial evidence that plaintiff is capable of performing work that exists in significant numbers in the national economy.

## CONCLUSION

Substantial evidence supports the ALJ's decision regarding Ms. Greer's ability to perform a range of light work, and the Court must affirm. An order in conformity has this day entered.